IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PERROTON,<br><br>        Petitioner,<br><br>vs.<br><br>GREG MUNKS, Sheriff,<br><br>        Respondent. | No. C 13-1051 CRB (PR)<br><br>ORDER OF DISMISSAL |

      Petitioner, a pretrial detainee facing state criminal charges in San Mateo County Superior Court, has filed a petition for a writ of habeas corpus challenging his detention. He also alleges inadequate medical care at the San Mateo County Jail.

      Petitioner may challenge his pretrial detention on state criminal charges by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. But principles of comity and federalism require that this court abstain and not entertain any such pre-sentence habeas challenge unless petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. Id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

Petitioner makes no such showing of "special circumstances" warranting federal intervention. See id. Petitioner's challenge of his pretrial detention is DISMISSED without prejudice to refiling a habeas petition after state criminal proceedings, including appeal, are completed.

Petitioner's additional challenge in his habeas petition of the medical care at the San Mateo County Jail is DISMISSED without prejudice to filing a civil rights complaint under 42 U.S.C. § 1983. Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a § 1983 action proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

The clerk shall send petitioner a prisoner civil rights complaint form, enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: March 27, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Perroton, J.13-1051.dismissal.wpd